**Affirmed  and Opinion Filed April 9, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00564-CR

**ROGER ALLEN STULCE, JR, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-82427-2012**

## MEMORANDUM OPINION
Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Francis

Roger Allen Stulce, Jr. appeals his conviction for the sexual assault of H.S.  After finding appellant guilty as charged, the jury assessed punishment at twenty years and a $10,000 fine.  In a single issue, appellant claims the trial court erred by allowing certain evidence during punishment.  We affirm.

After H.S. testified appellant repeatedly raped her, the jury found him guilty of sexual assault.  During punishment, Detective Matt Baxter of the McKinney Police Department told the jury he began investigating this case after a woman reported she had responded to a Craiglist ad and was sexually assaulted by appellant.  Baxter searched the internet and found eight Craigslist ads related to appellant's apartment.  The State offered printouts of Craigslist ads found on the internet.  Appellant had no objections to State's exhibits 7 and 10, but argued exhibits 8, 9, and

11 through 14 were not properly authenticated as being authored or placed by appellant and should not have been admitted. On appeal, he claims the admission of these exhibits was error and we must reverse this case for a new punishment hearing.

We first note that exhibits 8, 12, and 14 were offered but not admitted. Thus, appellant's complaint as to these three exhibits lacks merit. With respect to exhibits 9, 11, and 13, even assuming the trial court erred by admitting the evidence, we conclude appellant's substantial rights were not affected.

The erroneous admission or exclusion of evidence is nonconstitutional error. *Walters v. State*, 247 S.W.3d 204, 221 (Tex. Crim. App. 2007). Under rule 44.2(b), we disregard nonconstitutional error that does not affect the substantive rights of appellant. *Potier v. State*, 68 S.W.3d 657, 666 (Tex. Crim. App. 2002). Substantial rights are not affected if, based on the record as a whole, we have a fair assurance that the error did not influence the jury or had but a slight effect. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).

After reviewing the record, we conclude the effect of the complained-of exhibits was not substantial or injurious. Appellant was found guilty of raping H.S. During punishment, the jury heard the explicit testimony of three other of his rape victims, only one of whom responded to a Craigslist ad. Each female victim said appellant portrayed himself as a harmless "nice guy" in order to gain their trust, then brutally raped them. In addition, two female undercover police officers who posed as women interested in subleasing appellant's apartment testified. At least one of the officers said appellant told her she could live in the apartment if she paid him $50 a month, gave him a "blow job" every month, and had sex with him that day as a deposit. After reviewing all the evidence as well as the entire record, we conclude the admission of the ads depicted in exhibits 9, 11, or 13 did not influence the jury or had but a slight effect. We overrule appellant's single issue.

We affirm the trial court's judgment.


Do Not Publish /Molly Francis/
TEX. R. APP. P. 47.2(b) MOLLY FRANCIS
140564F.U05 JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROGER ALLEN STULCE, JR, Appellant

No. 05-14-00564-CR         V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial District Court, Collin County, Texas
Trial Court Cause No. 380-82427-2012.
Opinion delivered by Justice Francis, Justices Lang-Miers and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered April 9, 2015.